# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES COLVIN | CIVIL ACTION |
| VERSUS | No. 19-10962 |
| JAMES LEBLANC ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is plaintiff and *pro se* prisoner James Colvin's ("Colvin") motion[1] to remand the above-captioned matter to Louisiana state court and Colvin's motion[2] for default judgment. For the following reasons, the motions are denied.

## I.

Colvin filed this lawsuit in the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, on May 2, 2019 against the following defendants: James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"); Brandi LeFeaux, Corrections Specialist; Carolyn Wade, Records Clerk; and Robert Tanner, Warden (together, "defendants").[3] In his civil petition for damages, Colvin alleges that defendants violated his constitutional rights by (1) interrupting his federal sentence and unconstitutionally extraditing him from Lewisburg, Pennsylvania to Hunt Correctional Center in Louisiana and (2) "artificial[ly]" extending the expiration date of his sentence.[4] Colvin served

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 9.
[3] R. Doc. No. 1, at 1; R. Doc. No. 1-1, at 1 & 10.
[4] R. Doc. No. 1-1, at 1.

defendants with citation and a copy of the petition for damages on or about May 10, 2019.[5] On June 7, 2019, defendants timely removed the case to this Court.[6]

The Court will address Colvin's motion to remand and his motion for default judgment in turn. As Colvin is proceeding *pro se*, the Court will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

---

[5] R. Doc. No. 1, at 2; *see* R. Doc. No. 1-8.
[6] R. Doc. No. 1, at 1.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court has original or removal jurisdiction if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

In their notice of removal, defendants assert that Colvin alleges violations of the United States Constitution, which arise under 42 U.S.C. § 1983.[7] Defendants argue that because Colvin's claims arise under federal law, this Court has original jurisdiction pursuant to § 1331.[8]

As previously discussed, Colvin alleges that defendants violated his federal constitutional rights. In his statement of facts and memorandum of law in support of his petition, Colvin specifically requests that this Court order the DPSC to "stop violating" his Fourteenth Amendment right to Due Process and his Fifth Amendment right against Double Jeopardy.[9] The fact that Colvin's state court petition did not

---

[7] R. Doc. No. 1, at 1. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[8] R. Doc. No. 1, at 1.
[9] R. Doc. No. 1-1, at 13.

3

specifically cite § 1983, the enforcement mechanism for constitutional claims, is not dispositive as his well-pleaded complaint clearly alleges claims under the Fifth and Fourteenth Amendments to the Constitution of the United States.[10] These allegations alone provide an appropriate basis for federal question jurisdiction and it is immaterial that § 1983 is not cited in the petition. *See Wright v. Wilkerson Cty. Reg'l Corr. Facility*, No. 13-CV-0206, 2014 WL 2559219, at *1–2 (S.D. Miss. June 4, 2014).

Colvin asserts that his case has been improperly removed because he has urged a state civil claim for damages. Colvin states that his case was filed pursuant to the Louisiana Code of Civil Procedure and that it is "based on delictual actions by correctional officers and seeks monetary damages."[11] However, Colvin does not cite any substantive Louisiana law to support his claims and he alleges federal constitutional violations throughout his petition and his memorandum in support. To the extent that Colvin has alleged state law claims, the Court has supplemental jurisdiction over such related claims, pursuant to 28 U.S.C. § 1367, as the claims derive from a common nucleus of operative fact.[12]

---

[10] R. Doc. No. 1-1, at 10, 11, & 13.
[11] R. Doc. No. 5, at 3.
[12] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Finally, Colvin argues that his case should be remanded because the Court lacks jurisdiction over this action due to defendants' alleged procedural default in state court. Colvin asserts that defendants did not timely answer his petition and that he filed a motion in state court for a default judgment before defendants removed this action.[13] However, Colvin has not provided any authority supporting this argument as a ground for remand, and the Court finds that remand is not warranted on that basis.[14] [15]

---

[13] R. Doc. No. 5, at 1–2; R. Doc. No. 5-1, at 2. Defendants note that Colvin's motion for default judgment was not included in the state court record when they removed this action on June 7, 2019. Colvin's motion for default judgment was allegedly mailed to the Washington Parish Clerk of Court on June 6, 2019. R. Doc. No. 5-1, at 2; *see* R. Doc. No. 9, at 1–2.

[14] Colvin has not alleged any other procedural defect related to applicable removal procedures and the Court finds none. *See* 28 U.S.C. § 1446.

[15] Colvin makes two additional assertions in his motion to remand. First, he asserts that the Washington Parish Clerk of Court wrongly charged him a fee of $439.52. R. Doc. No. 5, at 4. The only fee that has been paid to date in this Court is the $400.00 fee tendered by defendants in connection with the filing of their notice of removal. *See* R. Doc. No. 1. This issue has no bearing on the Court's jurisdiction in this matter.

Colvin also requests that, if the Court denies his motion to remand, he be permitted to "recast" his pleadings "in accordance with the Federal Rules of Civil Procedure and 42 U.S.C. § 1983." R. Doc. No. 5, at 4. To the extent that Colvin is seeking to amend his state court petition, his request is legally insufficient.

The Fifth Circuit "does not require a complicated motion to amend, but only that 'the party requesting amendment' 'set forth with particularity the grounds for the amendment and the relief sought.'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 617–18 (5th Cir. 2018) (citing *United States ex rel Doe v. Dow Chemical Co.*, 343 F.3d 325, 331 (5th Cir. 2003)). Colvin has not set forth with particularity the grounds for an amendment of his petition or the relief sought.

## III.

After filing the motion to remand, Colvin filed a motion for default judgment based on defendants alleged procedural default in the state court matter, as discussed previously.[16] Following removal, federal, rather than state law, governs the future course of proceedings in this case. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437 (1974); *Skinner v. Gragg*, 650 F. App'x 214, 216 n.4 (5th Cir. 2016) (quoting *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006)) (citing Fed. R. Civ. P. 81(c)(1)).[17] Colvin's motion for a default judgment is premature because the U.S. Clerk of Court has not previously entered a default as required by Rule 55(a) of the Federal Rules of Civil Procedure. *Great Atl. & Pac. Tea Co. v. Heath*, No. 95-CV-0509, 1995 WL 258317, at *1 (E.D. La. Apr. 27, 1995)).

## IV.

Accordingly,

**IT IS ORDERED** that Colvin's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that Colvin's motion to amend his state court petition is **DENIED**.

---

[16] *See* R. Doc. No. 9.
[17] The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).

6

**IT IS FURTHER ORDERED** that Colvin's motion for default judgment is **DENIED**.

New Orleans, Louisiana, July 22, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**