UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES COLVIN                                                    CIVIL ACTION

VERSUS                                                          NUMBER: 19-10962

JAMES LEBLANC, ET AL.                                           SECTION: "I" (5)

REPORT AND RECOMMENDATION AND ORDER

Before the Court is the Motion for Summary Judgment (Rec. doc. 68) filed by Plaintiff and referred to this Court by the District Court. (Rec. doc. 75). Also before this Court is Plaintiff's so-titled motion for sanctions for failure to disclose (Rec. doc. 72), automatically referred to this Court under this Court's local rules. Defendants Carolyn Wade and Brandi LeFeaux have filed oppositions to both motions. (Rec. docs. 80, 81). Having reviewed the motions, the Court rules as follows.

I.   **Factual Background**

Following a jury conviction in 1983, a Louisiana state court sentenced Colvin to 80 years in prison. *See State v. Colvin*, 452 So. 2d 1214, 1217 (La. Ct. App. 3 Cir. 1984). In 1986, Colvin escaped from the Louisiana State Penitentiary at Angola. *Colvin v. LeBlanc.,* 2 F.4th 494, 496 (5th Cir. 1996). He was recaptured by federal authorities in California a few months later and was subsequently charged with and convicted of federal crimes, for which he was sentenced to new, lengthy terms of imprisonment. (*Id.*). Colvin alleges that Louisiana never filed a detainer when he entered federal custody. (*Id.*).

Colvin was paroled from federal prison in 2004, but, after a conviction for bank robbery, he was sentenced to a new term of imprisonment and incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (*Id.*). When he was

released in 2016, Louisiana Department of Public Safety and Corrections ("DPSC") officials returned him to Louisiana, where he was imprisoned at the Elayn Hunt Correctional Center ("EHCC"). (*Id.*). Colvin alleges that the DPSC claimed custody of him pursuant to a letter sent by Defendant LeFeaux, a DPSC corrections specialist, to BOP authorities at USP Lewisburg, rather than via valid detainer.

While at EHCC, Colvin filed an Administrative Remedy Procedure, requesting immediate release and credit for time served in federal custody. (*Id.*). Although his request for release was denied, Colvin claims that a records supervisor at EHCC changed the release date on his Master Prison Record from January 1, 2052 to January 1, 2023, to "properly credit[ ] [his state sentence] with the thirty years [he] spent in federal custody." (*Id.*). But, when Colvin was transferred to Rayburn Correctional Center ("RCC"), Carolyn Wade, a records clerk, reverted his release date to 2052 on the grounds that Colvin had stopped serving his state sentence when he escaped from Angola and that his state and federal sentences were intended to run consecutively.

Colvin filed a petition in state court against James LeBlanc, DPSC Secretary; Brandi LeFeaux, a corrections specialist; Carolyn Wade, RCC Records Clerk; and Robert Tanner, RCC Warden. He sought monetary damages from these defendants for the (1) "unconstitutional interruption" of his federal sentence and his "illegal extradition" from federal custody to Louisiana; and (2) "artificial [thirty-year] extension" of his state sentence. Interpreting the lawsuit as raising constitutional claims under Section 1983, Defendants removed the case to federal court. (Rec. doc. 1).

Defendants moved to dismiss the case, contending that they were immune from suit and that Colvin's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they

2

challenged the validity and duration of his detention. This Court concluded that dismissal was appropriate because (1) LeFeaux and Wade are not "persons" capable of being sued under § 1983, and (2) Colvin's claims were barred by *Heck*. (*Id.* at 497). The District Court adopted the report and recommendation in full over Colvin's objections and dismissed the case. (*Id.*). Colvin appealed, and the Fifth Circuit affirmed this Court's dismissal of the District Court's holding that Colvin's sentence-based claims are barred by *Heck* but remanded the case for consideration whether his extradition-based claims independently state a claim under Section 1983 and vacated this Court's rulings that Colvin's extradition-based claims are prescribed and that Defendant Wade is entitled to absolute immunity. (*Id.* at 501). Technically, then, the Fifth Circuit nullified this Court's findings as to Defendants LeFeaux and Wade in its Report and Recommendation (Rec. doc. 17), therefore placing LeFeaux's and Wade's arguments from the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted and Lack of Subject Matter Jurisdiction (Rec. doc. 10) back on the docket of this Court. Indeed, the Fifth Circuit explicitly remanded the lawsuit for consideration of whether Colvin's extradition-based claim – the only claim against LeFeaux – independently state a claim under § 1983. (Rec. doc. 28).

**II.    Legal Standard**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."

3

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

The moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific

4

facts that establish a genuine issue for resolution. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)); *Rogers v. Jefferson Par. Sheriff's Off.*, No. CV 18-11164, 2022 WL 124028, at *3 (E.D. La. Jan. 13, 2022).

### III. Law and Analysis

#### A. Defendant Carolyn Wade Has Been Dismissed from this Lawsuit

The Fifth Circuit characterized Plaintiff's claims as involving two separate issues: (1) the enhancement of his sentence and (2) his illegal extradition. *Colvin*, 2 4th at 501. Plaintiff's claim of illegal extradition is brought against only Brandi LeFeaux, an ARDC Specialist employed by the Louisiana Department of Public Safety & Corrections, who sent a detainer letter requesting that Plaintiff be sent to Louisiana when he was released from federal custody in Pennsylvania. Plaintiff's sentence-based claims were brought against Carolyn Wade, a records clerk. All of Plaintiff's claims based on the calculation of his sentence were dismissed on the basis of *Heck* by this Court, and, on July 15, 2021, the Fifth Circuit upheld the dismissal of those sentence calculation claims. *Id.*

During the *Spears* hearing that this Court held on January 5, 2022, Plaintiff made clear that the only remaining defendant is Brandi LeFeaux:

> The Court: Okay. In your most recent motion for leave to amend, you stated that you are bringing this extradition-based claim against one defendant named Brandi LeFeaux; is that correct?
> Mr. Colvin: Yes, sir.

(Rec. doc. 69 at p. 3).

However, Plaintiff's motion for summary judgment still seeks judgment against Wade for her role in his sentence calculation. Plaintiff argues that Wade is not entitled to qualified immunity, but an analysis of Wade's entitlement to qualified immunity has been rendered moot in light of the dismissal of the underlying claim against her. Plaintiff has not alleged that Wade was involved in his extradition, and as seen above, has made clear that his extradition claim is only brought against LeFeaux. Plaintiff has articulated no other outstanding claims in his lawsuit against Wade. Because the Fifth Circuit has upheld this Court's previous judgment on this issue, Plaintiff's claims regarding Wade have been dismissed, and any argument for her liability in Plaintiff's motion for summary judgment are moot.

### B. Plaintiff's Extradition-Based Claims Against LeFeaux

The only remaining claim in this lawsuit is Plaintiff's extradition-based claim against LeFeaux. Although not entirely clear, it appears that Plaintiff asserts this claim under 42 U.S.C. § 1983 or 1984. Plaintiff alleges that LeFeaux violated his rights by sending a detainer letter instead of a governor's warrant to the Federal Penitentiary where he was being held, USP Lewisburg, Pennsylvania. Based on LeFeaux's alleged actions, Plaintiff asserts two claims for damages: (1) LeFeaux is responsible for physical injuries that Plaintiff alleges to have suffered while being transported from Lewisburg to Louisiana and (2) because Plaintiff never received an extradition hearing, his procedural due process rights were violated.

#### i. Plaintiff's Personal Injury Claim

Lawsuits under Section 1983 against government officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999); *Schultea v. Wood*, 47 F.3d 1427,

1434 (5th Cir. 1995). In order to survive, individual capacity claims "must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710 (5th Cir. 1996) (quoting *Schultea*, 47 F.3d at 1430). Allegations must be enough to raise a right to relief above the speculative level. *Jackson*, 99 F.3d 710 (4th Cir. 1996) (quoting *Schultea*, 47 F.3d at 1430); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the personal liability of a defendant to a plaintiff who claims damages for deprivation of his civil rights, a plaintiff must assert with particularity that a defendant's action or inaction was a violation of the plaintiff's civil rights. *Archie v. LeBlanc*, No. CV08-CV-1381, 2010 WL 3522296, at *4 (W.D. La. July 29, 2010). Overall, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this lawsuit, Plaintiff alleges that because LeFeaux sent the detainer order, she is responsible for his physical injuries that he alleges to have incurred during his transportation. This sort of attenuated causation/contributive negligence claim is not allowed under Sections 1983 or 1984.

It is well-established that individual liability under Sections 1983 and 1984 may not be premised on the vicarious liability doctrine of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). "Liability in a civil rights action cannot be based on *respondeat sup*erior alone, and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of." *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015). Only the direct acts or omissions of government officials, not the acts of subordinates, gives rise to individual liability under Section 1983. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528,

7

534 (5th Cir. 1997): *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 601 (5th Cir. 1988). There is no evidence in the record that LeFeaux participated in Plaintiff's transportation from Lewisburg to Louisiana, and Plaintiff has presented no competent summary-judgment evidence that she participated in his transportation from Pennsylvania to Louisiana outside of his conclusory argument that her isolated act – sending a single detainer letter – "caused" the events that ultimately led to his transportation by a private agency. Any injury that Plaintiff suffered during his transport did not involve a direct act or omission by LeFeaux.

Moreover, and as noted above, Plaintiff cannot prevail on a summary judgment motion with "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway*, 507 F.3d at 319 (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc))). After a thorough review of the record, this Court has uncovered no records or evidence regarding Colvin's alleged injuries, what treatment he received, or the cause of his injuries. As such, and to the degree that Plaintiff claims that he should be monetarily compensated for the injuries he alleges to have suffered during his transportation to Louisiana, this Court dismisses this claim with prejudice.

### ii. Plaintiff's Due Process Claim

In *Heck v. Humphrey*, the United States Supreme Court held that a prisoner's Section 1983 claim is not cognizable when "a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction *or sentence*." 512 U.S. 477 (1994) (emphasis added). Before a court can entertain such a claim in a Section 1983 action, the individual must show that his conviction or sentence has been overturned or called into question in a separate

proceeding, such as a habeas corpus proceeding. *Damond v. LeBlanc*, Civ. A. No. 12-564, 2013 WL 3490734, at *$ (M.D. La. July 9, 2013), *aff'd*, 552 F. App'x 353, 354 (5th Cir. 2014). In *Wilkinson v. Dotson*, the Supreme Court, in reviewing *Heck* and its progeny of cases, noted that

> these cases, taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to a conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. 74, 81-82 (2005). This Court must thus consider whether success on Plaintiff's extradition claim would necessarily demonstrate the invalidity of his confinement or its duration.

In this lawsuit, Plaintiff alleges that he has been subjected to an illegal confinement because his state prison sentence has been artificially extended. (Rec. doc. 1-1 at p. 10). While Plaintiff maintains that he is not challenging the validity of his sentence and only seeking monetary damages, this Court finds that the reality is that he seeks to invalidate both his confinement and its duration. The gist of Plaintiff's claim is that he never received an extradition hearing, thus violating his due process rights. In so doing, Plaintiff extensively argues that the law is clear that Louisiana had no right to extradite him, and that he should have been allowed to serve out the remainder of his time in Federal custody before being extradited to Louisiana – thus allowing him to wander freely on parole for the remainder of his Federal sentence.

That notion is preposterous. For Plaintiff to succeed now, he must show that a governor's warrant was necessary for his extradition, and that the failure to issue that warrant caused him injury – *i.e.*, that he was entitled to release on Federal parole. If this

Court concluded that LeFeaux should have sent a governor's warrant instead of a detainer letter, such a conclusion would necessarily invalidate both the nature and duration of Plaintiff's confinement because it would render a determination as to whether or not Plaintiff was entitled to release on Federal parole.  Such a finding would implicate the duration of Plaintiff's sentence and should form the basis of a habeas petition – not a civil suit.[1]  Because Plaintiff seeks to have this Court invalidate (1) the nature of his confinement in that it was illegal – *i.e.*, that the defendants had no authority to hold him and (2) the duration of his confinement was illegal in that he should be entitled to immediate release on Federal parole.  As such, this Court finds that the *Heck* doctrine is triggered and bars Plaintiff's Section 1983 claim against LeFeaux unless he can show that his confinement has previously been invalidated.[2]

Under *Heck*, a Section 1983 lawsuit is barred unless Plaintiff can demonstrate that the nature and duration of his confinement "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  This Court finds that Plaintiff has not met this burden.

---

[1] This court recognizes that Plaintiff has now filed an allegedly proper petition for habeas corpus.  *Colvin v. Day*, Civ. A. No. 21-1709 (E.D. La.), Rec. doc. 3; *see also infra* fn.3.

[2] Plaintiff relies heavily on *Harden v. Pataki*.  320 F.3d 1289 (11th Cir. 2003).  Plaintiff argues that in that opinion, the Eleventh Circuit – in a case similar to Plaintiff's – held that *Heck* did not bar procedural challenges under Section 1983 when the defendants violated extradition procedures.  But the Court finds that the Eleventh Circuit's opinion is not as broad as Plaintiff claims.  As the Tenth Circuit held in *Deemer v. Beard*, 557 F. App'x 162, 165-66 (2014), *Harden* and its sister courts who agree with it "found that the *Heck* favorable termination rule does not apply to plaintiffs for whom federal habeas relief is unavailable, at least where the plaintiff is not responsible for failing to seek or limiting his own access to the habeas corpus remedy."  As noted below, *see infra* note 3, this Court dismissed without prejudice Plaintiff's earlier habeas petition for failing to exhaust administrative remedies.  *Colvin v. LeBlanc*, Civ. A. No. 18-4982 (E.D. La.), Rec doc. 16.  Habeas corpus was and is not unavailable to Plaintiff – as it was in *Harden* – he simply never took proper advantage of the remedy and only recently filed his habeas petition in *Colvin v. Day*, Civ. A. No. 21-1709 (E.D. La.), Rec. doc. 3.  *See also Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (disagreeing with the Eleventh Circuit and holding that failure to invalidate conviction and sentence bars relief under *Heck* for any Section 1983 claim for monetary damages).

Nowhere in his complaint does Plaintiff allege that a state or federal court has invalidated his confinement in the custody of the Louisiana Department of Corrections. Moreover, there is no indication that Plaintiff filed any proper petition for habeas corpus,[3] a petition for judicial review, or any other similar parallel proceeding, much less that his confinement was been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Plaintiff's claim that he was illegally extradited (and then confined) inherently challenges the nature and duration of his incarceration. Yet Plaintiff's conviction stands today. The Court thus finds that Plaintiff's claim of unlawful extradition by Defendants is an impermissible collateral attack under Heck. *See Deleon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("a preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'"). This has not happened in this lawsuit, and, given that LeFeaux's defenses are technically back before this Court via the motion to dismiss, the Court should not only deny Plaintiff's motion for summary judgment on this claim but should also grant LeFeaux's motion to dismiss (Rec. doc. 10) for failure to state a claim. The undersigned will recommend that Plaintiff's illegal extradition claim against LeFeaux be dismissed with prejudice.[4]

---

[3] While this Court recognizes that Plaintiff filed an earlier petition for habeas corpus, this Court dismissed that petition for failure to exhaust administrative remedies. *Colvin v. LeBlanc*, Civ. A. No. 18-4982 (E.D. La.), Rec doc. 16. Plaintiff then filed this lawsuit.
[4] Because this Court resolves the motion for summary judgment on this ground, it need not consider Defendants' other arguments.

11

### C. Plaintiff's Motion for Sanctions

Plaintiff also seeks sanctions against Defendants for failing to respond to certain discovery requests that he had not properly served on Defendants. (Rec. doc. 72). Nevertheless, and assuming that Defendants were now aware of the discovery requests, on November 22, 2021, this Court ordered Defendants to respond to certain discovery requests. (Rec. doc. 55). Specifically, this Court ordered that

> Defendants shall respond to the following requests for production **no later than December 22, 2021**:
>
> - [A]ll extradition records of inmates from other states or federal custody with which defendant Brandi LeFeaux has been involved.
> - Record[s] of all governor's warrants obtained in connection to any extradition in which Mr. LeFeaux has been involved as Out of State and Federal Extradition Specialist at Louisiana DPSC Headquarters.
> - Records of any and all records relating to [Petitioner's] extradition from Pennsylvania to Louisiana in April of 2016, including contact records and payment to the private extradition agency, U.S. Prisoner Transport. This includes a statement of how long [he] was in the custody of the private transport agency.
> - A detailed job description from both defendants, and a copy of any and all DPSC Regulations that govern their jobs.

(*Id.* at p. 2).

Under Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure, a party may be personally liable for reasonable expenses including attorney's fees caused by the failure to comply with a discovery order. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980)). The assessment of attorney's fees is penal in nature; it is designed to penalize those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct. *Roadway Express*, 447 U.S. at 763-64. The plain language of Rule 37, however, provides that only those expenses, including fees, caused by the failure to comply may be assessed against

12

the noncomplying party. *Batson*, 765 F.2d at 516. Moreover, the expenses must be reasonable. *Id.*

Defendants' opposition to the motion for sanctions raised objections to Plaintiff's discovery requests, an opportunity that they had not yet had given that Plaintiff had never properly served them with the discovery requests. This Court need not now consider these objections as the Court finds that they are not frivolous, and this Court has dismissed all parties from this action. In its discretion, then, the Court declines to award sanctions.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Rec. doc. 68) be **DISMISSED AS MOOT IN PART** as against Defendant Carolyn Wade and **DENIED** as to Defendant Brandi LeFeaux. **IT IS FURTHER RECOMMENDED** that LeFeaux's Motion to Dismiss be **GRANTED** and that the claim against LeFeaux be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for sanctions for failure to disclose (Rec. doc. 72) is **DENIED**.

### NOTICE OF RIGHT TO OBJECT

With regard to the Motion for Summary Judgment (Rec. doc. 68), a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[5]

With regard to the motion for sanctions (Rec. doc. 72), "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72.

New Orleans, Louisiana, on this 14th day of March, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[5]/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.